JUDGE SCHOFIELD

13 CV 2056

Darren P.B. Rumack
Xian-Ming Lei
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

TIM ROTH

                           **Plaintiff**

v.



**COMPLAINT**
Index No.
**JURY TRIAL DEMANDED**

SHAWN GARRITY, GARY CIOFFI, Individually
and USSE CORP. d/b/a UNION SQUARE AGENCY

                             **Defendants.**
-----------------------------------------------------------------------x

1.    Plaintiff Tim Roth ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

2.    This is an action for unpaid wages and enforcement of contract, arising from

Plaintiff's work for USSE Corp. d/b/a Union Square Agency ("Union

Square").  Plaintiff served as Vice President of Sales and Marketing for Union

Square, but was not paid his bi-weekly salary in accordance with the terms of

his employment contract.  Plaintiff also seeks damages under the applicable

provisions of the Fair Labor Standards Act ("FLSA") and the New York

Labor Law ("NYLL") for unpaid minimum wage.

## PARTIES

3.    Plaintiff Tim Roth is a resident of the State of New York.

4.    Plaintiff was employed by Defendants during the relevant limitations periods.

5.    Upon information and belief, Defendant Shawn Garrity ("Garrity") is a resident of the State of Connecticut and was the President of Union Square during the relevant employment period.

6.    Upon information and belief, Gary Cioffi ("Cioffi") is a resident of the State of New York and was the Chief Executive Officer of Union Square during the relevant employment period.

7.    Upon information and belief, Defendant Union Square, ("Union Square") is a corporation, registered in the State of Nevada, licensed to do business in the State of New York, with its principal place of business listed as 32 Union Square East #7 New York, NY 10003.

8.    At all relevant times, Union Square has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

9.    Defendants Garrity and Cioffi exercised control over Union Square's day to day operations, including the ability to hire and fire employees, set employee schedules, and set employee pay rates.

10.    Garrity interviewed and hired Plaintiff and supervised him on a day-to-day basis.

11.    All Defendants are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

12.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law and common law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

14.     Defendants committed the following alleged acts knowingly, willfully, intentionally.

15.     Plaintiff was employed by Union Square from February 2011 through April 2012 as Vice President of Sales and Marketing.

16.     Union Square ran and/or promoted various festivals in different states across the United States.

17.     For example, Union Square operated a music festival in Miami Beach called "Orange Drive Miami Beach Music Festival" from December 30, 2011-January 1, 2012.

18.     Plaintiff's job duties included working on all aspects of Union Square's business ventures, including the Orange Drive Miami Beach Music Festival.

19. Plaintiff was employed pursuant to the terms of an employment agreement which promised him an annual compensation level of $150,000.00.

20. Plaintiff was paid on a bi-weekly basis in the amount of $6250.00.

21. Beginning in January 2012, Defendants stopped paying Plaintiff his regular bi-weekly salary.

22. Plaintiff continued to work for Defendants until the middle of April 2012; however, Plaintiff did not receive his full salary or wages during this time period.

23. Defendants missed five (5) out of eight (8) pay periods owing to Plaintiff in the total amount of $31,250.00.

24. During this period, Plaintiff worked full time for Defendants, working on average from 9 am through 6 pm, Monday through Friday.

25. To date, Plaintiff has not been compensated for these five (5) missing pay periods by Defendants.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Minimum Wage Violations By Plaintiff Against All Defendants

26. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

27. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protects Plaintiff.

28. Defendants have willfully failed to pay Plaintiff the federal minimum wage for each hour he worked for Defendants.

29.   As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations By Plaintiff Against All Defendants

30.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

31.   The minimum wage provisions of the New York Labor Law and its supporting regulations apply to the Defendants and protect Plaintiff.

32.   Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours he worked for Defendants.

33.   Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

34.   As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interests, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### Breach of Contract Against Union Square

35.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Plaintiff contracted with Defendant Union Square to be employed as Union Square's Vice President of Sales and Marketing for $150,000.00 per year.

37. Plaintiff was employed by Union Square from February 2011-April 2012 in that position.

38. Defendant Union Square breached the contract, by not paying Plaintiff his bi-weekly salary of $6250.00 beginning in January 2012 through April 2012, for a total of five (5) missing payments, in the total amount of $31,250.00.

39. Plaintiff has suffered damages as a result of Defendant Union Square's failure to pay the $31,250.00 due and owing to him.

40. As a result of Defendant Union Square's unlawful acts, Plaintiff is entitled to an award of damages, including punitive damages, costs and attorneys' fees, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Unjust Enrichment Against Union Square

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendant Union Square received a benefit from Plaintiff's work as Union Square's Vice President of Sales and Marketing.

43. This benefit came at the time, labor and expense of Plaintiff, as Defendant Union Square did not pay Plaintiff for all of his work performed for Union Square from January 2012 through April 2012.

44. The time, labor and expenses of Plaintiff should be restored as a matter of equity and good conscience.

45. As a result of Defendant Union Square's acts, Plaintiff is entitled to an award of damages, costs and attorneys' fees, in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
**Promissory Estoppel Against Union Square**

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendant Union Square promised to pay Plaintiff his bi-weekly salary of $6250.00 in exchange for his work at Union Square.

48. Plaintiff relied on this promise by continuing to work for Union Square.

49. Plaintiff was injured as result of his reliance on Defendant Union Square's promise, because he was not paid his bi-weekly salary for his time worked for all pay periods starting in January 2012 until Plaintiff's resignation in April 2012.

50. As a result of Defendant Union Square's acts, Plaintiff is entitled to an award of damages, costs and attorneys' fees, in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
**Quantum Meruit Against Union Square**

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendant Union Square promised to pay Plaintiff a bi-weekly salary in the amount of $6250.00.

53. Plaintiff performed his daily work at Union Square.

54. Defendant Union Square accepted the services rendered by Plaintiff.

55.   Plaintiff expected to be compensated in the amount of $6250.00 bi-weekly, in exchange for his ongoing work at Union Square.

56.   Defendant Union Square did not pay Plaintiff for a total of five (5) pay periods commencing in January 2012.

57.   The $31,250.00 figure (the sum of the five (5) unpaid pay periods) is a reasonable value for Plaintiff's services rendered.

58.   As a result of Defendants Union Square's acts, Plaintiff is entitled to an award of damages, costs and attorneys' fees, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.   An award of damages, according to proof, including backpay, compensatory damages, punitive damages and liquidated damages, to be paid by Defendants;

b.   Penalties available under applicable laws;

c.   Costs of the action incurred herein, including expert fees;

d.   Attorneys' fees, including fees pursuant to 42 U.S.C. § 2000e, *et seq.*, 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

e.   Pre-judgment and post-judgment interest, as provided by law; and

f.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
       March 25, 2013

Respectfully submitted,

The Klein Law Group P.C.

By: _____
      Darren P.B. Rumack
      Xian-Ming Lei
      11 Broadway, Suite 960
      New York, NY 10004
      Phone: 212-344-9022
      Fax: 212-344-0301
      *Attorneys for Plaintiff.*